THE PEOPLE ex rel. GARRETT M. CLUTE, et al., Appellants, *v.* CHARLES E. BOARDMAN, and others, Respondents.

An appeal does not lie to this court from an order of the General Term of the Supreme Court, affirming an order of the Special Term, denying a motion for readjustment of costs.

(Cause argued September 28th, 1869, and decided December 21st, 1869.)

THE facts sufficiently appear in the opinion.

*J. J. Hill,* for the appellants.

*I. T. Williams,* for respondent.

PER CURIAM, MASON, J. This is an appeal from an order of the General Term of the Supreme Court, affirming an order of the Special Term denying a motion for the readjustment of costs. The case was originally brought into the Supreme Court by certiorari, to review summary proceedings under the landlord and tenant act, instituted to remove a tenant, in which the Supreme Court, in General Term, affirmed the proceedings, and this court, on appeal, reversed the judgment and all the proceedings, with costs; and the judgment, on application to the Supreme Court, upon the presentment of the remittitur was made the judgment of of the Supreme Court. The clerk refused to tax the costs in

the Supreme Court, on objection taken, and on a motion made in the Special Term, for an order that the clerk readjust the costs, the same was denied, and which, on appeal to the General Term, was affirmed, and from this order this appeal is taken; and the point is made by the respondent that the order is not appealable. • It has been decided by this court that such an order is not appealable.   The case of *Hoe* v. *Sanborn* (26 N. Y. R., 93), is in point.   (See 1 Trans. Appeal R., 160.)   In that case a motion for readjustment of costs was denied by the Special Term, and the order affirmed by the General Term, and from which an appeal was taken to this court, and it was held that an appeal would not lie. It was also held, that in the case of *McClure* v. *The Board of Supervisors of Niagara County* (4 Trans. Appeal R., 275), that an appeal does not lie to this court from an order of the Supreme Court readjusting the costs in action.   See also *Clarke* v. *The City of Rochester* (34 N. Y. R., 355), and *McGregor* v. *McGregor* (32 N. Y. R., 479).   This appeal must be dismissed.

Appeal dismissed.